IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DERRICK W. TYLER, #1195068 | § | |
| VS. | § | CIVIL ACTION NO. 4:06cv43 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Derrick W. Tyler, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636 ( c).

Background

Petitioner is challenging his Collin County conviction for aggravated assault with a deadly weapon, Cause Number 380-81350-03. On August 29, 2003, a jury found him guilty and sentenced him to prison for six years. The Fifth Court of Appeals affirmed his conviction on March 29, 2004. Petitioner did not file a petition for discretionary review (PDR). However, he filed an 11.07 application for a writ of habeas corpus in state court, which the Court of Criminal Appeals dismissed for noncompliance with the appellate rules on December 8, 2004. He then filed a second state writ of habeas corpus on April 18, 2005, which was denied without written order on August 31, 2005.

The present petition for a writ of habeas corpus was filed on February 2, 2006. Petitioner specified that he placed the petition in the prison mailing system on January 28, 2006; thus, it is deemed filed on January 28, 2006, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner claims he is entitled to relief based on insufficiency of the evidence. The Director filed a Response, asserting that the petition is time-barred.

Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was

signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D). The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Id*. at 2244(d)(2).[1]

In the present case, the Petitioner is challenging his conviction. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. The Fifth Court of Appeals affirmed his conviction on March 29, 2004. Petitioner then had thirty days, until April 28, 2004, in which to file a PDR. Tex. R. App. P. 68.2(a). Because he did not file a PDR, his conviction became final on April 28, 2004. Absent statutory tolling for a properly filed application for a state post-conviction relief, Petitioner's federal petition must have been filed on or before April 28, 2005. It was not filed until January 28, 2006.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a *properly filed* application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation (emphasis added). The Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed.2d 213 (2000). It counseled

---

[1] The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

that these rules govern "for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id*; *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004). The Fifth Circuit interprets the words "properly filed" narrowly. *Lookingbill v. Cockrell*, 293 F.3d 256, 160 (5th Cir. 2002).

Here, Petitioner's first state application for writ of habeas corpus was not properly filed; thus it did not serve to toll the limitations period. It did not conform to applicable procedural filing requirements required by the state and was struck for non-compliance with the appellate rules. The Court of Criminal Appeals did not consider Petitioner's state writ because it failed to comply with the court's rules. Thus, the writ was not "properly filed" for purposes of the AEDPA and did not serve to toll the statute of limitations. *Artuz*, 531 U.S. at 8; *Larry*, 361 F.3d at 895 (application erroneously accepted by the clerk of a court will be *pending*, but not *properly filed* if filing prerequisites are not met); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (concluding that tolling is authorized during the pendency of petitions only if petitions are filed *in accordance with a state's procedural filing requirements* (emphasis added)); 28 U.S.C. § 2244(d)(2).

Petitioner filed a second state application for writ of habeas corpus on April 18, 2005, which was denied by the Court of Criminal Appeals on August 31, 2005. It was pending 135 days; thus, the limitations period was extended 135 days, to September 10, 2005. Accordingly, Petitioner's petition must have been filed by September 10, 2005. It was not filed until more than four months later – on January 28, 2006. Thus, Petitioner's § 2254 petition is time-barred in the absence of any other tolling provisions.

Petitioner has not shown that any other statutory tolling provision applies. Likewise, he has not shown any rare and exceptional circumstances that would demonstrate entitlement to equitable tolling. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training,

that these rules govern "for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id*; *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004). The Fifth Circuit interprets the words "properly filed" narrowly. *Lookingbill v. Cockrell*, 293 F.3d 256, 160 (5th Cir. 2002).

Here, Petitioner's first state application for writ of habeas corpus was not properly filed; thus it did not serve to toll the limitations period. It did not conform to applicable procedural filing requirements required by the state and was struck for non-compliance with the appellate rules. The Court of Criminal Appeals did not consider Petitioner's state writ because it failed to comply with the court's rules. Thus, the writ was not "properly filed" for purposes of the AEDPA and did not serve to toll the statute of limitations. *Artuz*, 531 U.S. at 8; *Larry*, 361 F.3d at 895 (application erroneously accepted by the clerk of a court will be *pending*, but not *properly filed* if filing prerequisites are not met); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (concluding that tolling is authorized during the pendency of petitions only if petitions are filed *in accordance with a state's procedural filing requirements* (emphasis added)); 28 U.S.C. § 2244(d)(2).

Petitioner filed a second state application for writ of habeas corpus on April 18, 2005, which was denied by the Court of Criminal Appeals on August 31, 2005. It was pending 135 days; thus, the limitations period was extended 135 days, to September 10, 2005. Accordingly, Petitioner's petition must have been filed by September 10, 2005. It was not filed until more than four months later – on January 28, 2006. Thus, Petitioner's § 2254 petition is time-barred in the absence of any other tolling provisions.

Petitioner has not shown that any other statutory tolling provision applies. Likewise, he has not shown any rare and exceptional circumstances that would demonstrate entitlement to equitable tolling. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training,

unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

In this case, Petitioner has not shown any valid basis upon which to equitably toll the statute of limitations; consequently, the federal petition, filed more than four months beyond the statutory deadline, is time-barred. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 6th day of February, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE